```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FELIPE A. RODRIGUEZ-ORTEZ, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-0579 (JBS/KMW) |
| v. | |
| PERRY RHEW, in his capacity as Chief, Administrative Appeals Office, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court on the unopposed motion of Defendants Perry Rhew, in his capacity as Chief of Administrative Appeals Office, the United States Citizenship and Immigration Services, and the Department of Homeland Security, to dismiss for lack of subject matter jurisdiction and for failure to state a claim. [Docket Item 19.] The Court finds as follows:

1. This action was initially filed in the United States District Court for the Eastern District of Pennsylvania on December 31, 2009. [Docket Item 1.] The action was thereafter transferred to this District on February 1, 2010. [Docket Item 5.]

2. On August 4, 2011, Defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. [Docket Item 19.] Plaintiff has not

responded in opposition to Defendants' motion.

    3.  Plaintiff is a citizen of El Salvador who has resided in the United States since 1997.  In 2001, Plaintiff applied for and was granted temporary protected status (TPS), which status extended until September of 2007.  On October 3, 2003, Plaintiff was convicted of two counts of disorderly conduct in Lindenwold, New Jersey.  Compl. Ex. B.  Plaintiff applied for an extension of his TPS in September of 2007, but was denied, based on the determination of Defendant Rhew, acting as Chief of the Administrative Appeals Office of the U.S. Citizenship and Immigration Services, that Plaintiff was no longer eligible for TPS due to his conviction of two misdemeanors.  Id.  Plaintiff seeks a declaratory judgment from this Court granting judicial review of the administrative determination of Defendants and reinstating Plaintiff's TPS.

    4.  In the instant motion, Defendants argue that this Court must dismiss the action for lack of subject matter jurisdiction because Plaintiff fails to identify a proper waiver of Defendants' sovereign immunity.  Additionally, Defendants argue that this Court must dismiss the Complaint for failure to state a claim because the Complaint does not allege any basis for this Court to exercise jurisdiction.

    5.  It is well established that under the doctrine of sovereign immunity, suits cannot be brought against the United

States unless it has expressly consented to be sued, United States v. Testan, 424 U.S. 392, 399, (1976), and the terms of the consent, which must be unambiguously expressed, United States v. Dalm, 494 U.S. 596, 607, (1990) (quoting Testan, 424 U.S. at 399), define the Court's jurisdiction. United States v. Mitchell, 463 U.S. 206, 212 (1983). Although Defendant Perry Rhew is nominally a defendant in this action, the Complaint names Mr. Rhew in his official capacity as the Chief of the Administrative Appeals Office, which is the equivalent to suing the United States itself. See Lang v. Rubin, 73 F. Supp. 2d 448, 450-51 (D.N.J. 1999) ("Sovereign immunity applies also when a federal official is sued in his or her official capacity as an agent of the United States") (internal citations omitted). Further, Plaintiff "bears the burden of demonstrating subject matter jurisdiction." Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009). See also Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005) ("it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's wavier exceptions apply to his particular claim.").

6. In the instant matter, Plaintiff has not met his burden to show an express waiver of sovereign immunity. Plaintiff's Complaint makes no mention of any statutory waiver of sovereign immunity that would apply to his action. Indeed, as Defendants

point out, his Complaint alleges no basis for subject matter jurisdiction at all.  Plaintiff does not respond to Defendants' argument that the Court lacks subject matter jurisdiction.  Plaintiff, therefore, has not met his burden to show subject matter jurisdiction through a statutory waiver of sovereign immunity.  Consequently, the Court must dismiss the action for lack of subject matter jurisdiction.  The accompanying Order shall be entered.

**October 31, 2011**                **s/ Jerome B. Simandle**
Date                JEROME B. SIMANDLE
                    United States District Judge